Filed 3/22/13  In re Jesus G. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re JESUS G. et al., Persons Coming Under the Juvenile Court Law. | B243216 |
| | (Los Angeles County Super. Ct. No. CK82120) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| JESUS G. et al., | |
| Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Losnick, Referee.  Reversed.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Appellants.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

_____

**INTRODUCTION**

Appellants Jesus G., Jr. (Jesus) and Enrique G. (Enrique) contend that there was no substantial evidence supporting the juvenile court's jurisdictional findings that they were children who fell within the description of Welfare and Institutions Code section 300, subdivision (b).[1] We agree.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The G. Family*

Jesus and Enrique were born in May 1997 and March 2001, respectively. They are the sons of Jesus G., Sr. (father) and Marisol G. (mother), who married in approximately 1994. Mother and father also have a daughter, Maria, who was born in July 1995.

2. *Father's Previous Sexual and Physical Abuse of Maria*

On August 9, 2010, in an earlier case, the juvenile court sustained the dependency petition of respondent Los Angeles County Department of Children and Family Services (the Department) with respect to Maria, Jesus and Enrique. The petition alleged that in 2005, when Maria was nine years old, father sexually abused her. Father allegedly fondled Maria's vagina after making her sit on his lap and removing her pants. He also allegedly removed the belt of his pants and exposed his penis. The petition further alleged that father physically abused Maria by grabbing, choking and pushing her. For purposes of this appeal, Jesus and Enrique do not dispute that the allegations in the previous petition were true.

On September 12, 2011, the juvenile court terminated its jurisdiction over Jesus and Enrique. In so doing, the court issued a "family law order" granting mother sole

---

[1] All future statutory references are to the Welfare and Institutions Code.

custody over the two boys.[2]  Father was granted rights to monitored visitation.  Mother, however, was precluded from serving as the monitor.  Nothing in the record indicates that the juvenile court terminated its jurisdiction over Maria.

### 3.  *Father Violates the Family Law Order*

On February 21, 2012, the Department received a referral from an anonymous source claiming that mother had allowed father to visit her home in violation of the family law order.  A Department social worker made two unannounced visits to mother's home but did not find father there.  Mother, Jesus and Enrique denied father was living there or had been there.  The social worker, however, found evidence of father's presence, including adult male clothing in mother's bedroom.  Further, Maria claimed that father had been living in the home since December 2011.

On February 29, 2012, Maria secretly recorded a conversation she had with mother and her two brothers.  The recording indicated that father had been in the home in violation of the family law order, and that mother, Jesus and Enrique had lied to the Department social worker regarding the matter.  Maria presented this recording to the Department on March 9, 2012.

### 4.  *The Juvenile Dependency Petition*

On March 14, 2012, the Department filed an original section 300 juvenile dependency petition alleging that the juvenile court had jurisdiction over Jesus and Enrique pursuant to section 300, subdivision (b).[3]  The petition alleged that by allowing

---

[2]  A copy of the order is not in the record.  The record also does not indicate the court's statutory authority for the order.  Presumably the order was issued under section 362.4.  (See *In re Ryan K.* (2012) 207 Cal.App.4th 591, 594, fn. 5 ["Custody and visitation orders issued under section 362.4 are sometimes referred to as 'family law' orders or 'exit' orders"].)

[3]  The petition also alleged that the court had jurisdiction over the boys pursuant to section 300, subdivision (j).  This allegation, however, was subsequently dismissed by the court.  The Department also filed a section 342 subsequent petition alleging additional grounds for the court to assert jurisdiction over Maria.  Because Maria is not a party to this appeal, we shall not discuss the section 342 petition.

father to visit Jesus and Enrique in violation of the family law order, mother failed to protect the children, thereby endangering their "physical health and safety" and placing them "at risk of physical harm, damage, [and] danger."

On the same day the Department filed the petition, the juvenile court found that there was a prima facie case for detaining Jesus and Enrique. Both boys were placed in foster care.[4] Mother and father were granted monitored visitation.

5. *Jesus and Enrique Are Returned to Mother's Custody*

Jesus and Enrique were very unhappy about being placed in foster care. Both boys wanted to live with mother and, if possible, father too. On May 24, 2012, the juvenile court ordered the boys to be returned to mother's custody. A Department report dated June 19, 2012, stated that Jesus and Enrique "are emotionally stable and are thriving under the care and supervision of their mother."

6. *July 20, 2012, Hearing and Order*

The juvenile court held a jurisdictional and dispositional hearing on July 20, 2012. At the hearing, counsel for Jesus and Enrique argued that a "technical" violation of the family law order was not sufficient for the juvenile court to assert jurisdiction over the boys. The juvenile court disagreed. In its order dated July 20, 2012, the court sustained the section 300, subdivision (b) allegation in the petition, declared Jesus and Enrique dependent children of the court, and ordered the Department to provide family maintenance services to mother and family reunification services to father. The court also permitted father to have monitored visits with Jesus and Enrique. Finally, the order provided that mother may monitor father's contacts with Jesus and Enrique only outside of the family home.

---

[4]     Maria was placed in a different foster home. She ran away from the foster home and lived without adult supervision for almost three months. Maria is currently about 17 and 3/4 years old.

Jesus and Enrique filed a timely notice of appeal of the July 20, 2012, order.[5]

7.      *Juvenile Court Order After the Appeal Was Taken*

We grant the Department's request for judicial notice of the November 7, 2012, order of the juvenile court. Under the order, father was permitted to have unmonitored visits with Jesus and Enrique in public places.

## CONTENTIONS

Jesus and Enrique argue that there was no substantial evidence to support the juvenile court's findings that they were children who fell within the description of section 300, subdivision (b). They also initially argued that there was insufficient evidence to support the juvenile court's restriction that all of father's visits be monitored. In light of the November 7, 2012, order, however, Jesus and Enrique agree that the visitation issue is moot.

## DISCUSSION

We review the juvenile court's jurisdictional findings under the substantial evidence test. (*In re Maria R.* (2010) 185 Cal.App.4th 48, 57.) "The term 'substantial evidence' means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion; it is evidence which is reasonable in nature, credible, and of solid value." (*In re J.K.* (2009) 174 Cal.App.4th 1426, 1433.) In determining whether there is substantial evidence, "we draw all reasonable inferences from the evidence to support the findings and orders of the dependency court; we review the record in the light most favorable to the court's determinations; and we note that issues of fact and credibility are the province of the trial court." (*In re Heather A.* (1996) 52 Cal.App.4th 183, 193.)

Under section 300, subdivision (b), the juvenile court can take jurisdiction over a child if the child "has suffered, or there is a substantial risk that the child will suffer,

---

[5]      The notice of appeal stated that the boys were appealing the "July 20, 2012 declaration of dependency with monitored visits for father." The Department filed a motion to dismiss the appeal on the ground that Jesus and Enrique did not appeal the juvenile court's "jurisdictional" findings, but instead appealed from the court's "declaration of dependency." We denied the motion.

5

serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, or . . . by the willful or negligent failure of the parent or guardian to provide the child with adequate food, clothing, shelter, or medical treatment, or by the ability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness, developmental disability, or substance abuse."

There are three elements to section 300, subdivision (b) jurisdiction: "(1) neglectful conduct by the parent of one of the specified forms; (2) causation; and (3) 'serious physical harm or illness' to the child, or a 'substantial risk' of such harm or illness." (*In re Ricardo L.* (2003) 109 Cal.App.4th 552, 567; accord *In re Savannah M.* (2005) 131 Cal.App.4th 1387, 1396.) The juvenile court must determine whether each of these elements are satisfied at the time of the jurisdictional hearing, though past conduct can be probative of current conditions. (*In re Janet T.* (2001) 93 Cal.App.4th 377, 388.)

In this case, there is no evidence that mother failed to provide Jesus and Enrique with adequate food, clothing, shelter, or medical treatment, or with regular care. There is also no evidence that Jesus and Enrique have ever suffered serious physical harm or illness as a result of any act or omission of mother or father, or that the boys were physically or sexually abused by anyone at anytime. Rather, the alleged "neglectful conduct" of mother toward Jesus and Enrique was to violate the family law order by allowing father to visit or live with them without a court-approved monitor. For purposes of this appeal, we must accept as true Maria's statements that father lived with mother, Jesus, Enrique and Maria from December 2011 to mid-March of 2012, in violation of the family law order.

We are faced with the following issue: When the juvenile court conducted the jurisdictional hearing on July 20, 2012, was there a substantial risk that Jesus and Enrique would suffer serious physical harm or illness in light of mother's violation of the family law order from December 2011 to mid-March 2012? We conclude there was insufficient evidence of such risk.

6

The Department argues that evidence of father's past physical and sexual abuse of Maria constituted substantial evidence that there was a substantial risk that Jesus and Enrique would also be physically or sexually abused. Apparently in the previous case the juvenile court asserted jurisdiction over Jesus and Enrique based on mother's failure to protect Maria from father's abuse.[6] The juvenile court, however, subsequently terminated jurisdiction over the boys. Thus the Department's new petition could not be, and was not, based on mother's previous failure to protect Maria from physical or sexual abuse. Instead, it was based on mother's violation of the family law order. Mother's violation of the order was not, however, by itself sufficient evidence that Jesus and Enrique were at substantial risk of harm. (See *In re Ricardo L.*, *supra*, 109 Cal.App.4th at pp. 568-569.)

The Department contends that Jesus and Enrique are collaterally estopped from challenging the jurvenile court's finding that father's abuse of Maria puts them at substantial risk of harm. We disagree.

An essential element of collateral estoppel is that the issue decided in the previous suit is "identical" to the issue sought to be relitigated. (*In re Joshua J.* (1995) 39 Cal.App.4th 984, 993.) Although we do not have the record in the previous proceeding before us, it appears the issue was whether *at the time of jurisdictional hearing in 2010,* father's abuse of Maria put Jesus and Enrique at risk of harm. The issue here is whether *in July 2012* mother's violation of the family law order placed the boys in danger. These issues are not identical. The juvenile court therefore was not collaterally estopped from finding that it had no jurisdiction over Jesus and Enrique pursuant to section 300, subdivision (b).

---

[6] This court has held that a parent's sexual abuse of a daughter can, under certain circumstances, constitute substantial evidence that the parent's son is at risk of harm. (*In re P.A.* (2006) 144 Cal.App.4th 1339, 1347; accord *In re Andy G.* (2010) 183 Cal.App.4th 1405, 1414; but see *In re Maria R., supra,* 185 Cal.App.4th at p 68 [Declining to follow *In re P.A.* and *In re Andy G.*].) The issue is before our Supreme Court in *In re I.J.* (2012) 147 Cal.Rptr.3d 325.

**DISPOSITION**

The order dated July 20, 2012, is reversed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



KITCHING, J.


We concur:



KLEIN, P. J.



ALDRICH, J.

8